IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MARK D. CASHIO, et al. | ) |
| | ) |
| v. | ) NO. 3-15-0489 |
| | ) JUDGE CAMPBELL |
| 3M COMPANY, et al. | ) |

## MEMORANDUM

Pending before the Court, among other things, is Plaintiff's Motion to Transfer Venue (Docket No. 166). For the reasons stated herein, Plaintiff's Motion is GRANTED, pursuant to 28 U.S.C. § 1404(a), and this action is transferred to the U.S. District Court for the Western District of Louisiana at Shreveport.

## FACTS

Plaintiffs filed this action alleging that, while Plaintiff Mark Cashio was an officer in the U.S. Air Force and stationed at England Air Force Base in Alexandria, Louisiana, he was exposed to asbestos fibers which caused him to have malignant mesothelioma, a fatal cancer of the lining of the lung or abdominal cavity.

Plaintiffs allege causes of action against Defendants for negligence, failure to warn, strict liability, misrepresentation and conspiracy. Numerous Defendants have filed Motions to Dismiss for lack of personal jurisdiction, and those Motions are still pending. Plaintiffs now have moved to transfer venue of this case to Louisiana "in the interests of justice."

## TRANSFER OF VENUE

Plaintiffs have requested, if the Court finds that venue is improper here, that it transfer this case to the U.S. District Court for the Western District of Louisiana. 28 U.S.C. § 1406(a) does

provide that, if it be in the interest of justice, the Court may transfer any case which is filed in the wrong venue to any district in which it could have been brought.

28 U.S.C. § 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." As the permissible language of the transfer statute suggests, district courts have broad discretion to determine when party convenience or the interest of justice make a transfer appropriate. *Reese v. CNH America LLC*, 574 F.3d 315, 320 (6th Cir. 2009).

The Court finds, in its discretion, that this case should be transferred to the Western District of Louisiana, where Plaintiff's exposure to asbestos occurred and where Defendants' products allegedly containing asbestos were located. Whether or not venue is proper in this Court, and particularly in light of Mr. Cashio's serious health condition, the interests of justice are best served by this transfer.

IT IS SO ORDERED.

*Todd Campbell*
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE