IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MARK D. CASHIO, et al. | ) |
| | ) |
| v. | ) NO. 3-15-0489 |
| | ) JUDGE CAMPBELL |
| 3M COMPANY, et al. | ) |

MEMORANDUM

Pending before the Court are Plaintiffs' Motion to Transfer Venue to the United States District Court for the Western District of Louisiana at Shreveport (Docket No. 166); Defendants' Motion for Reconsideration of Transfer Order (Docket No. 189), which the Court has also considered as a Response to Plaintiffs' Motion to Transfer Venue; Plaintiffs' Response in Opposition to Defendant's Motion for Reconsideration (Docket No. 191); and Defendant Lockheed Martin Corporation's Reply Brief (Docket No. 195).

For the reasons stated herein, Plaintiffs' Motion to Transfer Venue (Docket No. 166) is GRANTED, and the Clerk is directed to transfer this case to the U.S. District Court for the Western District of Louisiana in Shreveport.

Plaintiffs, who are residents of the Middle District of Tennessee, filed this action here, alleging that while Plaintiff Mark Cashio was stationed at England Air Force Base in Alexandria, Louisiana, he was exposed to asbestos fibers which caused him to have malignant mesothelioma, a fatal cancer of the lining of the lung and/or abdominal cavity. Plaintiffs allege causes of action against 30 Defendants for negligence, failure to warn, strict liability, misrepresentation and conspiracy. Seven of the Defendants filed Motions to Dismiss for lack of personal jurisdiction (Docket Nos. 60, 79, 84, 88, 124, 133 and 149).

Plaintiffs then moved to transfer venue of this case to Louisiana "in the interests of justice," pursuant to 28 U.S.C. § 1406(a) or 28 U.S.C. § 1404(a). The Court granted Plaintiffs' Motion based upon 28 U.S.C. § 1404(a), for the convenience of the parties and witnesses and in the interest of justice. Docket No. 188. Defendants correctly point out that a transfer under § 1404(a) may not be granted when the court does not have personal jurisdiction over the defendants, *Pittock v. Otis Elevator Co.*, 8 F. 3d 325, 329 (6th Cir. 1993), and the Court has not ruled on Defendants' Motions to Dismiss for lack of personal jurisdiction.

Section 1406(a) provides that a district court with a case laying venue in the wrong district shall dismiss or, if it be in the interest of justice, transfer such case to any district in which it could have been brought. Section 1406(a) does not require that the district court have personal jurisdiction over the defendants before transferring the case. *Pittock*, 8 F.3d at 329. The Sixth Circuit has held that Section 1406(a) provides the basis for any transfer made for the purpose of avoiding an obstacle to adjudication on the merits in the district court where the action was originally brought. That defect may be either improper venue or lack of personal jurisdiction. *Colbert v. Harris County Juvenile Probation*, 2013 WL 4499134 at * 2 (M.D. Tenn. Aug. 20, 2013) (citing *Martin v. Stokes*, 623 F.2d 469, 474 (6th Cir. 1980)).

Under federal law, venue is proper in a judicial district in which:

(1) any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a substantial part of the events or omissions giving rise to the claim occurred; or

(3) if there is no district in which an action may otherwise be brought, any judicial district in which any defendants is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

Here, Plaintiffs' Complaint does not allege that any Defendant is a resident of the State of Tennessee. Indeed, Plaintiff's Complaint alleges jurisdiction based upon diversity of citizenship. Docket No. 1.

The Western District of Louisiana is the judicial district in which a substantial part of the events or omissions giving rise to this action occurred. All of Plaintiff Mark Cashio's exposure to asbestos occurred in Louisiana, not Tennessee. Plaintiffs' Complaint alleges that the products containing that asbestos were in Louisiana, not Tennessee. Moreover, Plaintiffs allege that the offending products and materials manufactured, sold or delivered by Defendants were delivered or distributed into the State of Louisiana, not Tennessee.

As Defendant Lockheed Martin's Motion to Dismiss points out, Plaintiffs do not allege that Mark Cashio was exposed to asbestos from any of Defendants' products manufactured or delivered in Tennessee or that Cashio was exposed to any asbestos in Tennessee. The only connection to Tennessee in this case is that Plaintiffs reside here and Plaintiff Mark Cashio received (and continues to receive) most of his medical care here. For these reasons, the Court finds that the proper venue for Plaintiffs' Complaint, pursuant to 28 U.S.C. § 1406(a), is Louisiana, not Tennessee.

Defendants contend that, in order to transfer venue under Section 1406(a), this Court must also find that Defendants are subject to personal jurisdiction in Louisiana. The cases Defendants cite for this argument are from the 9th Circuit in 1950 and the Western District of Missouri in 1980. Section 1406(a) specifically states that the Court may transfer the case if it be in the interest of justice to any district in which it could have been brought. The Sixth Circuit has said that such a transfer is for the purpose of avoiding an obstacle to adjudication on the merits.

This Court fails to see how it would in any way be in the interest of justice for it to decide whether the 30 Defendants in this case would be subject to personal jurisdiction in the Western District of Louisiana before transferring this case. That determination would be improper and a tremendous waste of time. Those decisions are for the Western District of Louisiana, which can and should certainly make those decisions without any "advisory" opinion from this Court. The Western District of Louisiana is a district in which this action could have been brought. If the Defendants believe they are not subject to the personal jurisdiction of that Court, they may file appropriate Motions there.

Finally, Defendants argue that Plaintiffs waived venue by filing their action here. The Court finds that Plaintiffs had a reasonable basis for filing their action here and did not waive the right to suggest the transfer of venue to an alternative district.

For all these reasons, Plaintiffs' Motion to Transfer Venue (Docket No. 166) is GRANTED, and this case is transferred to the Western District of Louisiana in Shreveport.

IT IS SO ORDERED.

_Todd Campbell_
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE